```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

SUZANNE D. DAVIS,

    Plaintiff,

v.                                   Civil Action No. 5:14CV83
                                                            (STAMP)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING**
**THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. Background

The plaintiff seeks judicial review of the defendant's decision to deny her claims for both supplemental security income ("SSI") and disability insurance benefits ("DIB"). The plaintiff applied for SSI and DIB in 2010, claiming she was disabled since 2008. The plaintiff points to her bipolar disorder and her chronic hepatitis C as her disability. Further, she maintains other health maladies and symptoms, which are attributed to her mental disorders. Those include the following: (1) suicide attempts, (2) drug abuse, (3) hyper-anxiety, (4) anger management issues, (5) severe insomnia, (6) severe weight loss (7) physical pains, (8) perpetual fatigue, and (9) depression. Her doctor prescribed a series of medications for treatment, all of which failed to resolve her medical issues. Further, as a result of the mental disorders and their symptoms, the plaintiff has been unable to maintain steady employment because of her alleged disability, and also lost

custody of her son. Following her initial application for benefits, the state agency first denied the plaintiff's application both initially and on reconsideration. After the state agency's denial, the plaintiff sought a hearing before Administrative Law Judge ("ALJ") Kim Nagle in 2012. The ALJ held that the plaintiff was not disabled, and the Appeals Council denied the plaintiff's request for review of the ALJ's decision.

The ALJ used a five step evaluation process pursuant to 20 CFR §§ 404.1420 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff satisfied the insured status requirements of the Social Security Act; (2) the plaintiff did not engage in substantial gainful activity since 2008; (3) the plaintiff suffered from severe impairments, including mood disorder, anxiety disorder, personality disorder, and polysubstance abuse disorder; (4) the plaintiff did not have an impairment that satisfied the severity requirement; and (5) that the plaintiff has a functional capacity to perform work at the "medium exertional level." Therefore, the ALJ found that the plaintiff did not have a disability as defined under the Social Security Act.

The plaintiff and the defendant then filed motions for summary judgment (ECF Nos. 9 and 11, respectively). The plaintiff argues that the ALJ failed to fully evaluate all of her impairments and mischaracterized the record when addressing the plaintiff's credibility. Further, the plaintiff claims that the ALJ "used

evidence from [the plaintiff's] prior claim without addressing any re-opening issues." As such, the plaintiff argues that her case must be remanded. In the defendant's motion for summary judgment, the defendant claims that substantial evidence supported all of the ALJ's findings, including the credibility of the plaintiff and the weighing of medical opinions. The plaintiff filed a reply (ECF No. 13) to the defendant's motion for summary judgment, wherein she restates the same arguments and attempts to discredit the argument that substantial evidence supported the ALJ's decision.

The magistrate judge then entered his report and recommendation, to which neither party filed objections. ECF No. 14. The magistrate judge recommended that this Court deny the defendant's motion for summary judgment, grant in part the plaintiff's motion for summary judgment, and accordingly remand this civil action. More specifically, the magistrate judge first found no error by the ALJ in finding that the plaintiff's alleged bipolar disorder and post-traumatic stress disorder ("PTSD") were not "severe impairments" of a mood disorder. The magistrate judge determined that regarding the PTSD claim, the plaintiff did not initially allege disability due to PTSD, and so the ALJ never considered it. Nonetheless, the magistrate judge noted that the ALJ continued through the entire five step analysis, and considered all of the plaintiff's impairments. Because of this, the magistrate judge found no error in the ALJ's determination that the

plaintiff's PTSD and bipolar disorder failed to satisfy the severity requirement.

However, the magistrate judge did find error regarding the ALJ's assessment of the plaintiff's credibility. In the report and recommendation, the magistrate judge cited the two step process for determining whether a person is disabled by pain or other symptoms found in Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). Specifically, the magistrate judge referred to the two step process where an ALJ examines the objective medical evidence and then the subjective evidence, which is often provided by a claimant's testimony of the intensity and persistence of any pain and its effect on one's occupation. The parties do not dispute the objective analysis prong.[1]

Regarding the second or "subjective" prong, the magistrate judge found that the ALJ erred in assessing the intensity, persistence, and limiting effects of the plaintiff's symptoms. Specifically, the ALJ provided that the plaintiff was consistently assessed to have a Global Assessment of Functioning ("GAF") between 50 and 60. However, the magistrate judge found that the record

---

[1]The magistrate judge also indicated that the plaintiff made two arguments in her reply that she did not make in her opening brief, which means she waived her challenge to those issues. Those two arguments were that: (1) the ALJ mischaracterized the impact of the plaintiff's maladies on her daily activities, and (2) the ALJ's finding that plaintiff earned income from working between 1997 to 2010 mischaracterized the impact of the disability on her occupational capacity.

4

actually showed that the plaintiff's GAF score generally was a 50, with few exceptions. This indicates that the plaintiff had either serious symptoms or serious impairments in social, occupational, or school functioning. Because of this, the magistrate judge found that the ALJ's considerations of intensity and such were not based on substantial evidence. The magistrate judge also found error in the ALJ's drawing of inferences about the plaintiff's symptoms from failure to seek medical treatment without first considering the plaintiff's explanations. The plaintiff had several intermittent periods where she stopped treatment for her disabilities, such as failing to take certain medications. However, under Social Security Ruling ("SSR") 96-7p, an ALJ must first inquire about why a potential claimant failed to seek or continue medical treatment for the disabilities before drawing inferences about a claimant's symptoms and their functional effects. Here, the magistrate judge found that the ALJ erred because the ALJ never questioned the plaintiff as to why she had long periods of time where she failed to comply with her prescribed treatment. Therefore, the magistrate judge found that substantial evidence did not support the ALJ's credibility determination.

Finally, the magistrate judge found error in the ALJ's use of Dr. William S. Thomas and Dr. Tony Goudy's medical opinions. Because of the overall error found in determining the plaintiff's credibility, the magistrate judge found that the ALJ gave too

5

little weight to Dr. Thomas's opinion regarding the plaintiff. Specifically, the magistrate judge determined that the ALJ's error in determining the plaintiff's credibility influenced her analysis of Dr. Thomas's opinion, and thus substantial evidence did not support the ALJ's finding to give Dr. Thomas's opinion "little weight" as the ALJ said was warranted. Further, regarding Dr. Goudy's opinion, that opinion contains new and material evidence that requires the civil action to be remanded. The magistrate judge also indicated that Dr. Goudy's opinion was not before the ALJ at the time of the decision. In accordance with the information presented above, the magistrate judge found that substantial evidence did not support the defendant's denial of the plaintiff's application for SSI and DIB. Thus, he determined that the defendant's motion for summary judgment should be denied, the plaintiff's motion for summary judgment should be granted in part, and that the civil action should be remanded and decided in line with the report and recommendation. The parties did not file any objections to the report and recommendation. For the reasons set forth below, the magistrate judge's report and recommendation is affirmed and adopted.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in U.S. v. U.S. Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395. After reviewing the record before this Court, no clearly erroneous findings exist.

A. <u>Plaintiff's Credibility Assessment</u>

As stated earlier, the magistrate judge first found that the ALJ erred in assessing the credibility of the plaintiff. In particular, the ALJ determined that the plaintiff's GAF score was consistently assessed within the 50 to 60 range. However, as the magistrate judge correctly determined, the plaintiff's GAF score was almost consistently assessed to be a 50, subject to a few exceptions. <u>See</u> ECF Nos. 7 and 14. A consistent assessment of 50 means that the plaintiff suffers from serious symptoms or impairments in social, occupational, or school functioning. Based on the record, this Court agrees with the magistrate judge's determination regarding the plaintiff's GAF score. The record shows that the plaintiff's GAF score aligns with the magistrate judge's findings. Accordingly, the ALJ erred interpreting the plaintiff's GAF score.

Regarding the ALJ's assessment of the plaintiff's credibility, the magistrate judge also found that the ALJ failed to seek an explanation by the plaintiff about her alleged noncompliance with her medical treatment. Under SSR 96-7p, the ALJ may not "draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical

treatment." Despite that requirement, the ALJ did not adhere to it. The record shows that the ALJ questioned the plaintiff about her failure to comply with her prescribed medical treatments. However, the ALJ did not ask the plaintiff about why she failed to comply. Further, the magistrate judge correctly determined the plaintiff maintained several explanations as to why she did not take her medications, which were not discussed at the ALJ hearing. Those explanations ranged from her medications being stolen to her inability to pay for the medications. Whether those explanations are valid or not is immaterial at this stage. What is material, however, is that the ALJ needed to seek an explanation from the plaintiff as to why she did not comply with her prescribed treatments. Therefore, the magistrate judge correctly determine that the ALJ erred by failing to seek an explanation from the plaintiff. Thus, substantial evidence does not support the ALJ's credibility determination.

B. <u>Medical Opinions of Dr. Thomas and Dr. Goudy</u>

Finally, the report and recommendation indicates that the ALJ erred in her assessment of Dr. Thomas's opinion. Further, the magistrate judge also found that the medical opinion of Dr. Goudy, which the ALJ did not have before it at that time, requires the remand of this civil action so that Dr. Goudy's opinion can be considered by the ALJ. Regarding the ALJ's assessment of Dr. Thomas's opinion, the magistrate judge found that the ALJ's error

in assessing the plaintiff's credibility influenced her analysis of Dr. Thomas's opinion. In particular, the ALJ discussed the plaintiff's noncompliance with her medications and Dr. Thomas's medical opinion, finding that "the persuasiveness of [Dr. Thomas's] opinion is further diminished by its failure to acknowledge or account for the claimant's intermittent but repeated episodes of noncompliance with the medications." ECF No. 7 *33. As both the magistrate judge and this Court determined earlier, the ALJ failed to properly determine the plaintiff's credibility. In accordance with that finding, the ALJ also incorrectly assessed Dr. Thomas's medical opinion because she relied on her incorrect credibility determination when discussing that medical opinion. Thus, this Court agrees with the magistrate judge's determination of error regarding the discrediting of Dr. Thomas's medical opinion.

Concerning the opinion of Dr. Goudy, the magistrate judge construed the plaintiff's argument as being that the Appeals Council erred by failing to remand her case to the ALJ for consideration of Dr. Goudy's opinion. As mentioned earlier, the ALJ did not have Dr. Goudy's opinion at the time of the hearing. The magistrate judge correctly noted that a claimant may, when requesting review by the Appeals Council, submit additional evidence. 20 C.F.R. § 41.1470(b). If that is the case, the Appeals Council must consider such evidence submitted with a request for review "if the additional evidence is (a) new, (b)

10

material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health and Human Services, 953 F.2d 93, 95-96 (4th Cir. 1991) (internal citations omitted). "New" evidence means that the evidence is not duplicative or cumulative. Id. at 96. In addition, "material" evidence means that a reasonable possibility exists that "the new evidence would have changed the outcome." Id.

As the magistrate judge correctly determined, Dr. Goudy's report aligned with Dr. Thomas's report. Dr. Goudy's report confirmed that the suffered from a host of mental illnesses, that as a result the plaintiff was impaired. More importantly, the magistrate judge correctly determined that Dr. Goudy's report is new evidence under Wilkin. Here, Dr. Goudy's report clearly contradicts the ALJ's findings, thus demonstrating that the report is new. Further, Dr. Goudy's report is material because it further supports the plaintiff's credibility. The magistrate judge also correctly determined that Dr. Goudy's report sufficiently "relates to the period on or before date of the ALJ's decision," as required under Wilkin. In particular, this Court agrees with the magistrate judge's finding that Dr. Goudy's report, although issued three to four months after the ALJ's decision, reinforces assertions already made in Dr. Thomas's report. Further, the brief three to four month time span supports the magistrate judge's decision in finding that Dr. Goudy's report needs to be fully evaluated in order to properly

reconsider the weight to be assigned to Dr. Thomas's opinion. Accordingly, this Court agrees with the magistrate judge's finding.

It should be noted, however, that a portion of Dr. Goudy's report discusses the plaintiff's PTSD diagnosis. This Court agrees with the magistrate judge's recommendation concerning that portion, meaning that such portion of Dr. Goudy's report should not be considered when this civil action is remanded. The plaintiff did not initially allege PTSD as a disability, and thus that portion of Dr. Goudy's report may not be considered on remand.

## IV. Conclusion

For the reasons above, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED.  Thus, the plaintiff's motion for summary judgment is GRANTED IN PART and the defendant's motion for summary judgment is DENIED.  It is further ORDERED that this case be REMANDED to the Commissioner for further action in accordance with the magistrate judge's report and recommendation. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the defendant has failed to object, she has waived her right to seek appellate review of this

matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     January 7, 2015


                                /s/ Frederick P. Stamp, Jr.
                                FREDERICK P. STAMP, JR.
                                UNITED STATES DISTRICT JUDGE